JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant-appellant Rico Williams has appealed from his convictions for trafficking in cocaine and possession of cocaine, both felonies of the third degree. Williams was sentenced to three years on each offense, to be served concurrently.
A Cincinnati police officer stopped Williams after the officer viewed Williams driving erratically in the middle of the night. Williams was initially arrested for drunk driving. Before Williams exited from the vehicle, the officer viewed him making furtive movements in the front seat, as if he was trying to conceal an item. The officer then conducted the search of the car and spotted a plastic bag wedged between the driver's seat and the console. The bag contained 20 individually wrapped smaller bags of cocaine.
Williams now raises three assignments of error. Only one of these assignments has merit.
William's first two assignments of error allege that the convictions were not supported by sufficient evidence and that they were against the manifest weight of the evidence. Because these assignments are interrelated, we consider them together.
Evidence is insufficient to support a conviction if "after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could [not] have found all the essential elements of the offense beyond a reasonable doubt."[1] In the instant case, each "rock" of cocaine was packaged individually, which any rational trier of fact could have concluded was done for the purpose of sale or trafficking. The cocaine was also found immediately next to where Williams had been sitting in the car. It was within his immediate reach, and any rational trier of fact could have concluded that Williams possessed the cocaine.
When a court reviews the manifest weight of the evidence, the court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed."[2] The trier of fact did not lose its way in this case. The evidence showed that the cocaine was found within the immediate reach of Williams. Each "rock" of cocaine was packaged individually. No shadow was cast on the credibility of the officer who testified about the location and packaging of the cocaine. Williams did not own the car he was driving, but this certainly did not tip the weight of the evidence against the state, because the cocaine was within Williams's reach and visible to anyone in the driver's seat of the car. Williams's assignments of error regarding the sufficiency and weight of the evidence are accordingly overruled.
Williams's third assignment of error asserts that his sentence was contrary to law because the trial court did not inform Williams that he would be subject to post-release control and because it made no findings of fact in support of the sentence. Only Williams's claim regarding post-release control has merit.
A court is required to orally state at the sentencing hearing findings in support of the sentence, when, among other things, the court hands down consecutive sentences or when the court sentences a defendant who has never served a prison term to more than the minimum sentence.[3]
Williams did not receive consecutive sentences, and it is clear from the record that he had served a prior prison term. R.C. 2929.19(B)(2) enumerates situations in which courts are required to make findings and list reasons in support of the sentence they hand down. Third degree felonies are not among these enumerations. In this case, therefore, a trial court was not required to provide findings in support of sentencing Williams to three years in prison.
But when a trial court imposes a felony prison sentence, the court must inform the defendant on the record about the post-release supervision the defendant will be subject to.[4] In the instant case, the trial court failed to inform Williams that he would be subject to postrelease control. The third assignment of error is accordingly well taken in part.
Therefore, the judgment of the trial court is affirmed with respect to the finding of guilt, but the sentence is vacated, and this cause is remanded so that the trial court can appropriately advise Williams about post-release control.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Hendon, J.J.
[1] State v. Martin (1983), 20 Ohio App. 3d 172, 175, 485 N.E.2d 717.
[2] Id.
[3] State v. Comer, 99 Ohio St.3d 463, 478, 2003-Ohio-4165,793 N.E.2d 473.
[4] State v. Jordan, 104 Ohio St.3d 21, 27, 2004-Ohio-6085,817 N.E.2d 864.